## ROYAL NEIGHBORS OF AMERICA v. BRATCHER.

(Court of Civil Appeals of Texas. Texarkana. Dec. 17, 1912. Rehearing Denied Dec. 19, 1912.)

1. INSURANCE (§ 723*) — BENEFIT CERTIFICATE—"ABORTION"—"MISCARRIAGE."

Decedent, having applied for insurance in a mutual benefit society, answered that she had never had any local disease, personal injury, or illness of any kind, but in answer to the medical questions stated that her last confinement was in 1908, and that she had had two miscarriages from overexertion. In an action on the certificate, it was shown that in 1903, about seven years prior to decedent's death, she suffered an abortion when she was about three months advanced in pregnancy, and that about three years later another occurred at about the same stage. *Held,* that since the words "abortion" and "miscarriage" are synonymous, both meaning premature parturition, there was no breach of warranty or misrepresentation.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1859–1865; Dec. Dig. § 723.*

For other definitions, see Words and Phrases, vol. 1, pp. 20, 21; vol. 5, pp. 4530, 4531.]

2. INSURANCE (§ 723*)—MISREPRESENTATION —MATERIALITY.

Where insured denied that she had had any illness within seven years prior to her application, proof that her physicians treated her for headache three years prior to the date of the policy did not necessarily defeat plaintiff's right to recover, the jury being authorized to find that such illness, if any, was not material to the risk assumed within Acts 31st Leg. (2d Ex. Sess.) c. 22.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1859–1865; Dec. Dig. § 723.*]

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Appeal from District Court, Cooke County; Clem B. Potter, Judge.

Action by Andy Bratcher against the Royal Neighbors of America. Judgment for plaintiff, and defendant appeals. Affirmed.

Stuart, Bell & Moore, of Gainesville, for appellant. Davis & Davis, of Gainesville, for appellee.

HODGES, J. The appellant is a fraternal benefit insurance society, of which Mrs. Carrie Bratcher, the deceased wife of the appellee, was a member in good standing at the time of her death. This suit is to recover the amount due upon a policy of insurance issued on the life of Mrs. Bratcher, payable to the appellee. A trial before a jury resulted in a verdict against the appellant for the full sum sued for.

[1] The first error assigned is the refusal of the court to grant the motion for a new trial, based upon the ground that the verdict was against the great weight and preponderance of the evidence. The principal defense urged in the trial court was the falsity of answers made by the deceased in her application for the insurance. The particular questions referred to and discussed in appellant's brief are the following: "Have you within the last seven years consulted any person, physician, or physicians in regard to a personal ailment? Have you ever had any local disease, personal injury, illness of any kind or nature, serious or otherwise?" To both of these questions the applicant answered, "No." It is claimed that these answers were false, and for that reason the policy was void under the terms of the conditions upon which it was issued.

The evidence shows that in 1903, about seven years prior to her death, Mrs. Bratcher suffered an abortion when she was about three months advanced in pregnancy, and that about three years later another occurred at about the same stage. Neither of these appears to have been attended with any consequences which affected her health. Some time after the last miscarriage a physician was called in upon one occasion to treat her for sick headache from which she also fully recovered. The record does not inform us whether she called in the physician, or that it was done by her husband. The testimony all indicates that at the time this policy was issued Mrs. Bratcher had fully recovered from the effects of her previous ailments, and was in good health. Her death was due to ulceration of the stomach, according to the testimony of the physician who attended her. On the reverse side of her application for insurance appears a list of questions under this heading: "Camp physician to fill in this page." In a subdivision of the questions which follow is a group to be answered by female applicants. The record there shows the following questions and answers: "Give date of last confinement—1908; How many miscarriages—2 times; Give cause of miscarriages—overexertion." The camp physician who inserted those answers testified as follows: "At the time I examined her she was in good health. I was fairly positive she was in good health. These answers on this application * * * are in my handwriting. She told me about the two miscarriages she had. I did not give the date at the time. They sent the paper back for correction, and I got the paper and corrected it. I got that from the family physician, Dr. Seagraves." Unless there is a substantial and generally recognized distinction between the meaning of the words "abortion" and "miscarriage," appellant was fully and truthfully informed of the two abortions relied on to prove falsity in the answers made. In the standard dictionaries one is treated as a synonym of the other. Both mean premature parturition. As to these ailments there was no ground for holding the policy void because of incorrect answers. Supreme Lodge v. Jones, 143 S. W. 247.

[2] The jury might easily have concluded that the calling in of a physician to treat her for headache three years prior to the date of the policy was, even if incorrect, not "material to the risk assumed." Acts 31st Leg. (2d Ex. Sess.) p. 443. The jury was charged in accordance with the provisions of the statute. United N. B. A. v. Baker, 141 S. W. 541. There was no error in giving the charge complained of, nor in refusing the special charges presented.

The judgment is affirmed.